RENATA GOWIE
Assistant United States Attorney
Chief, Civil Division
1000 SW Third Ave., Suite 600
Portland, OR 97204
Telephone (503) 727-1000

BRIAN M. BOYNTON
Acting Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
ERIC KAUFMAN-COHEN
Assistant Attorney in Charge
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6647
Facsimile: (415) 436-6632
E-mail: eric.kaufman-cohen@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| STEVEN M. NELSON, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, by and through the NATIONAL OCEANIC and ATMOSPHERIC ADMINISTRATION, <br><br> Defendant | Case No.: 3:19-cv-01761-HZ <br><br> IN ADMIRALTY <br><br> THE UNITED STATES' RESPONSE TO PLAINTIFF'S OBJECTION TO UNITED STATES' WITNESS PATRICK KENNEDY <br><br> Date: December 14, 2021 <br> Time: 9:00 a.m. <br> Courtroom 15A <br> HON. MARCO A. HERNANDEZ |

**INTRODUCTION**

Plaintiff has objected to the United States' rebuttal expert witness Patrick Kennedy arguing that he alone has the right to disclose rebuttal witnesses. The only legal authority plaintiff cites for this assertion is a 49 year old treatise on evidence, McCormick, Evidence, §4, pp. 5-6 (2d ed. 1972), which deals solely with the order and presentation of evidence at trial, not expert disclosures.

The United States notes that no formal expert discover has taken place in this case pursuant to Fed.R.Civ P. 26. No dates or deadlines were ever set for expert disclosures, rebuttal disclosures, exchange of expert reports and exchange of rebuttal reports. The only experts the parties disclosed in this case were those who submitted declarations in support of, and in opposition to, the United States' motion for summary judgment, James Dolan and Rita Kirchhofer for the United States, and Joseph Derie and Daniel Van Domelen for plaintiff. No other experts were disclosed. In fact, plaintiff did not disclose his medical expert Bart Rask, MD, and Dr. Rask did not produce an expert report as required by Fed.R.Civ.P. 26(a)(2)(B). The first time the United States was apprised of the fact that Dr. Rask was going to testify at trial as an expert witness on behalf of the plaintiff, as opposed to testifying as plaintiff's treating physician, was when plaintiff filed and served his Expert Witness List (ECF No. 43). The same can be said of plaintiff's expert economist, Paul Torelli. Dr. Torelli was not previously disclosed as an expert witness by plaintiff, and Dr. Torelli did not produce a report. The first time the United States became aware of Dr. Torelli was when he was listed as an expert on plaintiff's Expert Witness List. Dr. Torelli's report was only provided to the United States when plaintiff served his trial exhibits on the United States pursuant to the Court's Trial Management Order.

//

//

## DISCUSSION

The only deadlines set in this case applicable to experts were set forth in the Court's Trial Management Order, pursuant to which the parties were to file and serve their respective Expert Narratives by November 8, 2021, along with all trial exhibits. Thereafter, the parties were to file and serve "[a]ll rebuttal witness statement and exhibits" by November 22, 2021.[1] This is precisely what the United States did. Once served with plaintiff's Expert Witness Narratives, which identified Dr. Torelli as an expert, and after being served with Dr. Torelli's report, the United States identified its economist, Dr. Patrick Kennedy, as a rebuttal witness and produced Dr. Kennedy's report as a rebuttal trial exhibit pursuant to the Court's Trial Management Order. The United States did nothing to warrant the exclusion of Dr. Kennedy at trial to rebut the testimony of Dr. Torelli.

The United States notes that plaintiff is in no way prejudiced by the United States' disclosure of Dr. Kennedy pursuant to the Court's Trial Management Order. The parties, with approval of the Court, have continued to conduct both fact as well as expert discovery.[2] Since the Court issued its Trial Management Order plaintiff has deposed the following Government fact witnesses, Chief Boatswain Ryan Harris, Lead Fisherman Bruce Mokiao and CAPT. Michael Levine. Plaintiff has also deposed the Government's expert witnesses James Dolan and Rita Kirchhofer. The United States has deposed plaintiff's experts Joseph Derie and Daniel Von Domelen. The United States will be taking the deposition of Dr. Rask on December 1, 2021. Plaintiff is free to depose Dr. Kennedy at any time prior to trial.

---

[1] The Court's Order did not limit the right to identify rebuttal witnesses and submit rebuttal exhibits to plaintiff alone.

[2] The United States has allowed plaintiff to undertake fact discovery despite the Court's denial of his motion to reopen fact discovery (ECF No. 22).

RESPONSE TO PLAINTIFF'S OBJECTION        - 3                Case No. 3:19-cv-0171-HZ
TO USA'S WITNESS PATRICK KENNEDY

In closing the United States notes that although plaintiff has identified Dr. Rask as an expert, as opposed to just his treating physician, Dr. Rask was required to produce an expert report pursuant to Fed.R.Civ.P. 26(a)(2)(B).  This Court has held that a treating physician cannot provide expert testimony on an issue that calls for expert opinion unless the treating physician is disclosed as an expert. *Mansoor v. M/V Zaandam* 2006 WL 2222332 (W.D.Wash. 2006). In so doing this Court observed that:

> Plaintiff has only disclosed his treating physicians as fact witnesses. As fact witnesses, Plaintiff's treating physicians may testify regarding what they actually observed and what treatment they provided. . . .  A treating physician's testimony regarding observations and treatment 'are not matters outside the kind of the average juror, so Rule 702 and the disclosure obligations of Rule 26(a)(2)(A) are not triggered.' However, because Plaintiff's treating physicians were not disclosed as experts, they may be precluded from testifying at trial regarding matters that rely on 'scientific, technical, or other specialized knowledge' within the scope of FRE 702.

Here, because plaintiff has identified Dr. Rask as an expert, the obligations of Fed.R.Civ. P. 26(a)(2)(A) are triggered, including the obligation to produce a written report under Fed.R.Civ. P. 26(a)(2)(B).  Dr. Rask has not produced an expert report as required by Fed. R. Civ. P. 26.

## CONCLUSION

The United States disclosed Dr. Kennedy as a rebuttal witness and produced his report as a rebuttal trial exhibit pursuant to the Court's Trial Management Order.  By doing so the United States has done nothing that would call for an order excluding his testimony at trial or the exclusion of his report as an exhibit at trial.  Moreover, plaintiff has not been prejudiced in that he is free to depose Dr. Kennedy at any time prior to trial.

Dated: November 29, 2021                    Respectfully Submitted:

RENATA GOWIE
Assistant United States Attorney
Chief, Civil Division

RESPONSE TO PLAINTIFF'S OBJECTION           - 4           Case No. 3:19-cv-0171-HZ
TO USA'S WITNESS PATRICK KENNEDY

BRIAN M. BOYNTON
Acting Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division

s/ Eric Kaufman-Cohen
ERIC KAUFMAN-COHEN
Assistant Attorney in Charge
West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice

Attorneys for Defendant
United States of America

CERTIFICATE OF SERVICE

I hereby certify that, on November 29, 2021, a true and correct copy of the foregoing THE UNITED STATES' RESPONSE TO PLAINTIFF'S OBJECTION TO UNITED STATES' WITNESS PATRICK KENNEDY was served by electronically through CM/ECF on:

on:

Charles Robinowitz
Law Offices of Charles Robinowitz

Attorneys for Plaintiff
Steven M. Nelson

/s/Eric Kaufman-Cohen
ERIC KAUFMAN-COHEN