IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


STEVEN M. NELSON,                          OPINION & ORDER

                    Plaintiff,              No. 3:19-cv-01761-HZ

        v.

UNITED STATES OF AMERICA
by and through the National Oceanic and
Atmospheric Administration,

                    Defendant.



Charles Robinowitz
Mary Elizabeth Duncan
1211 SW Fifth Avenue
2323 Pacwest Center
Portland, OR 97204

        Attorneys for Plaintiff


1 – OPINION & ORDER

Eric Kaufman-Cohen
Scott Perrygo
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
P.O. Box 36028
San Francisco, CA 94102

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff brought a negligence action against the United States of America, by and

through the National Oceanic and Atmospheric Administration (NOAA). The Court conducted a

four-day bench trial on his claim on January 11–14, 2022. On January 31, 2022, the Court issued

Findings of Fact and Conclusions of law and found for Defendant. As the prevailing party,

Defendant now seeks to recover $9,210.27 in costs. The Court grants in part and denies in part

Defendant's motion and awards $4,217.10 in costs.

## STANDARDS

28 U.S.C. § 1920 identifies the items a prevailing party may recover as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Under Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides

otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "By its

terms, the rule creates a presumption in favor of awarding costs to the prevailing party." *Ass'n of Mexican–Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). "[I]f a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its discretion." *Id.* at 593 (citations and quotation marks omitted). The court has broad discretion to allow or disallow a prevailing party to recoup costs of litigation, but the court may not tax costs beyond those authorized by 28 U.S.C. § 1920. *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995). Costs not listed in section 1920 may not be taxed to the losing party unless they are specifically authorized by some other statute or by contract. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987).

**DISCUSSION**

Plaintiff objects to three categories of Defendant's costs: (1) printing fees related to the SAIF Corporation, (2) deposition costs, and (3) expert witness fees.

## I.    SAIF Corporation Fees

Plaintiff objects to $2,142.07 in costs Defendant seeks to recover related to obtaining Plaintiff's workers' compensation records from SAIF Corporation.

Plaintiff first objects to these fees because the Court excluded evidence of Plaintiff's workers' compensation case at trial. Fees for copies are allowed for any document "necessarily obtained for use in the case"; the copied documents do not need to have been used at trial to be recoverable. *See Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (finding that section 1920(4) "does not specifically require that the copied document be introduced into the record to be an allowable cost"). Although excluded at trial,

Plaintiff's work history and medical injuries were critical to Plaintiff's case. These records were thus "necessarily obtained for use in the case." *Id.*

Next, Plaintiff argues these fees were unnecessary because he had already produced these same documents throughout the course of discovery. Though this may be true, especially when it comes to medical records, parties reasonably seek third-party subpoenas in order to guarantee that they have received all documents relevant to the case. *See id,*; *Dallas Buyers Club, LLC v. Anderson*, No. 3:15-CV-01042-AC, 2016 WL 7366896, at *5 (D. Or. Nov. 30, 2016), *report and recommendation adopted*, No. 3:15-CV-1042-ACLEAD, 2016 WL 7365173 (D. Or. Dec. 19, 2016). Still, the Court finds Plaintiff's argument somewhat persuasive in light of the large amount of fees requested by Defendant. Without an explanation from Defendant justifying these charges, the fees appear unreasonably high to the Court, unnecessary, or duplicative of other itemized charge on the same invoice. The Court will allow the fees for copies and for basic charges for record subpoenas as these are authorized by § 1920(3) & (4). It will not allow the remaining charges on the SAIF Invoices available at Kauffman Cohen Decl. Ex. A & B as the Court finds these excessive and beyond the typical charges for "copies" and "subpoena fees" *See Adidas Am., Inc. v. Payless Shoesource, Inc.*, No. CIV.01-1655-KI, 2009 WL 302246, at *3 (D. Or. Feb. 9, 2009) (finding "[p]ostage and delivery costs, even of depositions, are not taxable under § 1920"); *Mak v. Asante*, No. CIV. 05-1291-CL, 2007 WL 2344824, at *1 (D. Or. Aug. 14, 2007) (denying costs for shipping and handling charges). After these reductions, the Court awards Defendant $ 990.65 in fees related to subpoena preparation and copies.

//

//

//

II.     **Transcript Fees**

Plaintiff objects to $ 3,468.20 in transcript fees for the deposition transcripts of Plaintiff Steve Nelson, Captain Joseph A. Derie, II, Daniel Van Domelen, and Bart Rask, MD. Plaintiff argues these are not taxable costs because they were taken for the purposes of investigation or preparation but not used at trial.

28 U.S.C. § 1920(2) allows recovery of fees for "printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2). The costs of taking depositions and obtaining deposition transcripts is properly taxed if the deposition is introduced into evidence or used at trial for impeachment or cross-examination. *Malbco Holdings, LLC v. AMCO Ins. Co.*, No. 03:08-cv-00585-ST, 2010 WL 2572849, at *17 (D. Or. June 22, 2010). Additionally, deposition costs may be taxed even if the deposition is not used at trial if "taking the deposition was reasonable as part of the pretrial preparation of the case, rather than for the convenience of counsel, or if the deposition was required for a dispositive motion." *Id.* (explaining that to be taxable, depositions must not be merely for discovery); *see also Corridean v. Restore Fin. Servs. Network, LLC*, No. 06-CV-524-HU, 2007 WL 1989622, at *4 (D. Or. July 6, 2007) ("A deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." (citation omitted)). Costs for depositions which appear to be duplicative may be properly denied. *Birkes v. Tillamook County*, No. 03:09-cv-01084-AC, 2013 WL 796650, at *4 (D. Or. Mar. 4, 2013).

Plaintiff concedes that Defendant took these depositions in preparation for trial. All four deponents, testified at trial and were essential to Plaintiff's case. Plaintiff does not explain how

these depositions were not relevant to pretrial preparation, absent a short discussion of Dr. Rask.

Plaintiff's objections to the deposition of Dr. Rask fall short. Plaintiff called Dr. Rask as a witness at trial; his testimony was critical to Plaintiff's damages case. Indeed, Dr. Rask was the only witness that provided a medical perspective on the harm Plaintiff suffered after the accident. It was therefore reasonable for Defendant to depose him in advance of trial. The Court will, however, reduce the requested amount for Dr. Rask's deposition transcript by 25%. Defendant requested an expedited copy of the transcript but did not submit an itemized invoice to the Court identifying the extra amount charged for an expedited copy or a declaration explaining why an expedited copy was necessary. *See Dunn v. CSK Auto, Inc.*, No. CV-05-116-HU, 2006 WL 8459221, at *15 (D. Or. Nov. 13, 2006) (denying costs for expedited transcripts when the plaintiff offered "no explanation of why the[] transcripts were expedited"). The Court finds that the objected to depositions were reasonably necessary and awards Defendant $ 3,186.45 in deposition transcript fees.

**III.    Expert Witness Fees**

Defendant seeks to recover $3,600 in expert witness fees. Plaintiff objects to these costs. "Absent 'express statutory authority' for shifting expert witness fees, reimbursement for such fees is limited by §§ 1821(b) and 1920(3)." *See Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987)). Under these statutes, a prevailing party my only recover a $40.00 per day attendance fee and mileage for witnesses, including experts. *Id.* Defendant cites no additional statutory authority that allows for an award of expert witness fees in maritime negligence actions. Thus, as part of the Bill of Costs, the amount sought by Defendant for expert witness fees is not recoverable.

The Court awards Defendant $40 as an attendance fee for expert Captain Derie's deposition. Although also an expert witness, the Court will not award Defendant $40 for Dr. Rask's attendance fee. According to Mr. Kaufman-Cohen's declaration, Defendant received an invoice from Dr. Rask but did not pay it because its form did not meet Defendant's accounting requirements. Kaufman-Cohen Decl. ¶ 10. He states that Defendant "expect[s] to receive a proper invoice this week, and once it is received it will be paid in full." *Id.* The form sent from Dr. Rask's office was signed December 13, 2021. Kaufman-Cohen Decl. Ex. 6, ECF 77-8. Defendant filed its Bill of Costs on February 28, 2022 and has not since supplemented the record with verification that this cost was paid. The Court will not award a cost that has not been paid and is not supported with adequate documentation.

## CONCLUSION

The Court GRANTS IN PART Defendant's Bill of Costs [77]. The Court awards Defendant $4,217.10 in costs.

IT IS SO ORDERED.

DATED: ___April 15, 2022_____.

_____

MARCO A. HERNÁNDEZ
United States District Judge